```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                   :
UNITED STATES OF AMERICA           :    INDICTMENT
                                   :
          - v. -                   :    20 Cr. 35
                                   :
WILLIAM R. GROGG,                  :
                                   :
          Defendant.               :
                                   :
- - - - - - - - - - - - - - - - - -:
                                   X
```

## COUNTS ONE THROUGH SEVENTEEN
(Failure to Pay Over Payroll Taxes)

The Grand Jury charges:

### BACKGROUND

1. Since at least the late 1980s, WILLIAM R. GROGG, the defendant, has worked in the printing and publishing industry in and around Poughkeepsie, New York. Over his more than three decades in the industry, GROGG has owned, managed, and/or otherwise had significant control over the financial affairs of the following printing and publishing companies:

   a. From at least 1987 to 1992, GROGG was the president of Hamilton Reproductions, Inc. ("Hamilton Reproductions").

   b. From approximately 1992 to 2003, GROGG operated and co-owned a company that was initially called Hamco and later called Netpub Corporation (together, "Hamco/Netpub").

    c. In or around 2003, GROGG established the corporate entity Netpublications Inc. ("Netpublications") and began running the business that he had been running as Hamco/Netpub under this new name and corporate entity.

    d. In or around 2014, GROGG established the corporate entity MCA-Netpub Inc. ("MCA") and began running the business that he had been running as Netpublications under this new name and corporate entity.

    2. At all times relevant to this Indictment, WILLIAM R. GROGG, the defendant, was the sole owner, president, and/or controlling officer of Netpublications and MCA, and had exclusive control over the business's bank accounts, from which employees were paid. At any given time, Netpublications and, later, MCA had approximately 20 to 50 paid employees.

    3. Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers are required to collect, account for, and pay over to the IRS certain federal "payroll taxes" on a quarterly basis. Payroll taxes are made up of five components: federal income taxes withheld from an employee's wages and the employer's and the employee's equal shares of Social Security and Medicare taxes. Employers are obligated to file with the IRS quarterly payroll tax returns known as IRS Forms 941, which report to the IRS the wages and

2

other compensation received by the employer's employees and the payroll taxes owed by the employer on that compensation. These payroll tax returns and the accompanying tax payments are generally due to the IRS no later than the last day of the month following the end of the quarter.

4. A person is responsible for collecting, accounting for, and paying over payroll taxes to the IRS if he or she has the authority required to exercise significant control over the employer's financial affairs.

5. In or around 1994, the IRS assessed a civil penalty of approximately $368,639.93 against WILLIAM R. GROGG, the defendant, as a "responsible person," for willfully failing to collect, account for, and pay over to the IRS payroll taxes owed by Hamilton Reproductions for several quarterly periods in 1991, 1992, and 1993 (the "Hamilton Reproductions Penalty"). By in or around 2014, GROGG owed the IRS over $1,000,000 in connection with the Hamilton Reproductions Penalty.

6. At all times relevant to this Indictment, WILLIAM R. GROGG, the defendant, exercised significant control over Netpublications' and, later, MCA's financial affairs and therefore was a "responsible person" for the purposes of collecting, truthfully accounting for, and paying over Netpublications' and MCA's payroll taxes to the IRS.

7. At all times relevant to this Indictment, WILLIAM

3

R. GROGG, the defendant, caused Netpublications and, later, MCA to employ a third-party payroll service (the "Payroll Service"). Among other things, the Payroll Service calculated Netpublications' and MCA's employees' wages and payroll tax deductions, issued pay checks and IRS Forms W-2, and prepared Netpublications' and MCA's quarterly payroll tax returns, IRS Forms 941. The quarterly payroll tax returns were provided to GROGG. Although Netpublications and MCA withheld payroll taxes from employees' paychecks as directed by the Payroll Service, GROGG, as a "responsible person" for Netpublications and MCA, failed to pay over the withheld payroll taxes, as well as Netpublications' and MCA's matching Social Security and Medicare contributions, to the IRS. GROGG also failed to file the corresponding quarterly payroll tax returns for Netpublications and MCA with the IRS. Instead, GROGG spent the withheld payroll taxes, which GROGG was required to hold in trust for the United States Government, on personal and business expenses.

## STATUTORY ALLEGATION

8.   From on or about January 31, 2014, through on or about January 31, 2018, in the Southern District of New York and elsewhere, WILLIAM R. GROGG, the defendant, being a responsible person with respect to Netpublications' and, later, MCA's payroll taxes, and thereby being required to collect, account for, and pay over to the IRS Netpublications' and MCA's payroll

4

taxes, knowingly and willfully failed to collect, truthfully account for, and pay over Netpublications' and MCA's payroll taxes to the IRS as described below:

| COUNT | QUARTER ENDING | APPROXIMATE AMOUNT OF UNPAID FEDERAL PAYROLL TAX |
|---|---|---|
| **NETPUBLICATIONS** | | |
| 1 | December 31, 2013 | $59,217.25 |
| 2 | March 31, 2014 | $67,676.37 |
| **MCA** | | |
| 3 | June 30, 2014 | $50,560.83 |
| 4 | September 30, 2014 | $50,560.83 |
| 5 | December 31, 2014 | $50,560.83 |
| 6 | March 31, 2015 | $52,802.34 |
| 7 | June 30, 2015 | $52,802.34 |
| 8 | September 30, 2015 | $52,802.34 |
| 9 | December 31, 2015 | $52,802.34 |
| 10 | March 31, 2016 | $49,777.23 |
| 11 | June 30, 2016 | $49,777.23 |
| 12 | September 30, 2016 | $49,777.23 |
| 13 | December 31, 2016 | $49,777.23 |
| 14 | March 31, 2017 | $38,772.41 |
| 15 | June 30, 2017 | $38,772.41 |
| 16 | September 30, 2017 | $38,772.41 |
| 17 | December 31, 2017 | $38,772.41 |

(Title 26, United States Code, Section 7202.)

## COUNT EIGHTEEN

(Corruptly Endeavoring to Obstruct and Impede
the Due Administration of the Internal Revenue Laws)

The Grand Jury further charges:

9.   The allegations set forth in paragraphs 1 through 7 are incorporated by reference as though fully set forth herein.

10. In or around August 2014, the IRS Small Business/Self Employed Division ("IRS SB/SE") opened a civil examination of Netpublications' payroll tax returns from 2010 to 2012. WILLIAM R. GROGG, the defendant, was advised of this proceeding in a letter from IRS SB/SE dated October 17, 2014.

11. In or around November 2014, IRS SB/SE's civil examination expanded to include Netpublications' 2013 payroll tax returns. WILLIAM R. GROGG, the defendant, was advised of this expansion in a letter from IRS SB/SE dated November 20, 2014.

12. In or around May 2015, IRS SB/SE's civil examination expanded to include MCA's 2014 payroll tax returns. WILLIAM R. GROGG, the defendant, was advised of this expansion in a letter from IRS SB/SE dated May 14, 2015.

13. In or around June 2016, IRS Criminal Investigation ("IRS-CI") opened a criminal investigation into, among other things, GROGG's payroll tax compliance based on a referral from IRS SB/SE. GROGG was advised of the criminal investigation on or about May 5, 2017, when Special Agents from IRS-CI went to MCA's office in Poughkeepsie and informed GROGG prior to interviewing him that he was under criminal investigation in connection with, among other things, his payroll tax compliance. IRS-CI served GROGG with a summons for certain corporate records relevant to the criminal investigation

6

during this interview. GROGG was advised again of IRS-CI's criminal investigation on or about January 30, 2018, when Special Agents from IRS-CI interviewed GROGG a second time.

### STATUTORY ALLEGATION

14. From at least on or about November 5, 2014 through at least on or about January 30, 2018, in the Southern District of New York and elsewhere, WILLAM R. GROGG, the defendant, corruptly endeavored to obstruct and impede the due administration of the internal revenue laws, that is, the IRS's civil and, later, criminal investigations of GROGG'S payroll tax compliance described in paragraphs 10 through 13, by committing and causing to be committed various acts, including the following:

   a. Making material false statements in correspondence with IRS SB/SE dated November 5, 2014, November 20, 2014, December 4, 2014, and June 14, 2015 that payroll records for Netpublications did not exist, which GROGG falsely attributed at different times to Netpublications' bankruptcy and closure, Netpublications' having "no payroll" for the years requested by IRS SB/SE, the records' being destroyed by flooding while in the custody of Netpublications' "close down person in [Connecticut]," and the death of this "close down person," who was purportedly assisting GROGG with providing records to the IRS;

7

b. Making material false statements to IRS-CI during GROGG's May 5, 2017 interview, including the following:

i. Netpublications and MCA were originally owned by a Canadian businessman (the "Canadian Businessman"), for whom GROGG worked, until GROGG took over Netpublications from the Canadian Businessman and the Canadian Businessman "gave" MCA to GROGG at some point in 2014;

ii. An associate of the Canadian Businessman's (the "Associate"), stored certain of Netpublications' records in a garage, until the records were destroyed in a flood;

iii. At the Canadian Businessman's instruction, the Associate was tasked with filing and paying MCA's federal payroll taxes until his (the Associate's) death in 2016; and

iv. Since the Associate's death, no one has been responsible for filing and paying MCA's federal payroll taxes;

c. Falsely claiming in correspondence to IRS-CI dated May 5, 2017 that GROGG did not have the corporate records requested in IRS-CI's summons because Netpublications "filed for Bankruptcy several years ago"; and

d. Making material false statements to IRS-CI during GROGG's January 30, 2018 interview, including the

8

following:

      i.    GROGG initially worked for the Canadian Businessman at Netpublications and MCA, until Netpublications filed for bankruptcy at some point in 2011 and GROGG took over MCA at some point in 2017;

      ii.    Until the Canadian Businessman's death at some point in or around the fourth quarter of 2017 and the Associate's death at an unspecified point in time, they (the Canadian Businessman and the Associate) were solely responsible for filing and paying MCA's federal payroll taxes;

      iii.    MCA had filed its federal payroll tax returns and made all necessary payments through the third quarter of 2017; and

      iv.    GROGG had never been contacted regarding unfiled payroll tax returns or unpaid payroll taxes for MCA.

(Title 26, United States Code, Section 7212(a).)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

WILLIAM R. GROGG,

Defendant.

---

INDICTMENT

20 Cr.

(26 U.S.C. §§ 7202, 7212(a))

GEOFFREY S. BERMAN
United States Attorney

*/signature/*
Foreperson

---